J-S27018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAD JEREMY KELL | : | |
| | : | |
| Appellant | : | No. 1328 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 6, 2018
In the Court of Common Pleas of Warren County
Criminal Division at No(s):  CP-62-SA-0000011-2018

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                FILED: September 9, 2019

Tad Jeremy Kell appeals, *pro se* and *in forma pauperis*,[1] from the judgment of sentence imposed in the Court of Common Pleas of Warren County, on August 6, 2018, after Kell failed to appear at the August 3, 2018

_____

* Retired Senior Judge assigned to the Superior Court.

[1] However, Kell's self-written brief is titled:

Tad Jeremy Kell
Proceeding su juris, In Propria Persona, as the Beneficiary
Creditor
**Absolutely not proceeding pro se**
Kingdom of the Power of Powers,)
on the soil of ) SS: Declaration of
Warren County, Pennsylvania ) Foreign Neutral
United States of America ) under Absolute Law's
) of The Living Father

Kell's Brief, cover page (emphasis added).  We do not know what Kell means, but he is not represented by counsel.

summary appeal of a traffic citation. The trial court reinstated the fines and costs that had been imposed by the Magisterial District Court on April 23, 2018. In this timely appeal, Kell raises 23 issues. Because Kell did not appear before the trial court, none of these issues was raised before the trial court. Accordingly, we have no issues to review and we affirm judgment of sentence.

On April 23, 2018, Kell was found guilty of violating 75 Pa.C.S. § 1501(a), driving without a license. He was ordered to pay the fine and costs. Kell appealed that finding but failed to attend the trial *de novo* that had been scheduled for August 3, 2018. On August 6, 2018, the trial court filed its order dismissing the summary appeal and reinstating the prior conviction and sentence. Kell now raises such claims as:

> 3. Did indeed Tad Kell halt the assumption of jurisdiction by Adam Foriska [the Warren County police officer who wrote the citation] in his law merchant capacity? Did Tad Kell accomplish this by offering a Notice of rights and then signing without prejudice pursuant to UCC 308? Does indeed Tad Kell have remedy and recourse, pursuant to UCC 308, to have jurisdiction be proved before any part of an administrative quasi-judicial procedure can continue?
>
> …
>
> 12. May the Maureen Skerda [President Judge of Warren County] simply ignore a counterclaim and proceed to the chance to be heard phase of the procedural process by assuming consent
>
> …
>
> 16. Does the flesh and blood man Tad Jeremy Kell have the liberty to be the Beneficiary of the accounts created by the Birth certificate and social security card
>
> …
>
> 19. Is the person Judge Skerda mentions in her reply to the statement 1925b concerning the word person in PA code driver

license really just Tad Jeremy Kell's persona as created by the birth certificate and social security card

…

22. Tad Jeremy Kell as an American National by many generations of birthright Pennsylvanians whose liberties are defined by the treaty of Paris and The Articles of Confederation as part of The Organic Laws of the United States. Do these documents create a very specific venue and due process that must be honored when such a standing is made

Kell's Brief at 4-8.

We see no need to relate all 23 of Kell's issues. None of the issues appear to have been raised before the trial court.

Initially, we note that "[i]t is a bedrock appellate principle that 'issues not raised in the lower court are waived and cannot be raised for the first time on appeal.'…"

*Commonwealth v. Hitcho*, 123 A.3d 731, 756 (Pa. 2015) (citation omitted).

Additionally, Kell was ordered to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. He filed a document entitled "Statements to the courts it may concern." The trial court accepted this document as the Rule 1925(b) statement. We have reviewed the document and find it to be incomprehensible. As such, we believe no issue has been preserved through the Rule 1925(b) statement either.[2] However, we note the trial court discerned possible issues concerning discovery and an alleged request for continuance. In an abundance of caution, we will adopt the trial court's

---

[2] *See Commonwealth v. Dozier*, 99 A.3d 106 (Pa. Super 2014), wherein only four of the eighteen issues raised were worthy of consideration, the other fourteen issues were incomprehensible and not addressed.

opinion regarding those claims. The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2019

IN THE COURT OF COMMON PLEAS
OF THE 37th JUDICIAL DISTRICT OF PENNSYLVANIA
WARREN COUNTY BRANCH

COMMONWEALTH OF PENNSYLVANIA                    SA 11 of 2018

v.

TAD KELL,

Defendant.

**MEMORANDUM OPINION PURSUANT TO Pa.R.A.P. 1925(a)**

I.     **Background and Procedural History**

Defendant was found guilty of a summary violation as detailed below by Magisterial District Judge Raymond Zydonik on April 23, 2018. Defendant was granted In Forma Pauperis Status by this Court on May 22, 2018 and Defendant filed his Notice of Appeal from Summary Criminal Conviction on May 23, 2018. By its Order filed June 21, 2018, the Court scheduled a hearing on Defendant's Summary Appeal for August 3, 2018. Defendant failed to appear at the time scheduled for the hearing and the Court dismissed his appeal with prejudice and reinstated the fines and costs imposed by the Magisterial District Court. *See* Pa.R.Crim.P. 462(D) as cited below. The Order dismissing the appeal was dated August 3, 2018 but filed August 6, 2018. Defendant then filed a Notice of Appeal to the Superior Court on September 5, 2018. By Order dated and filed September 7, 2018, the Court ordered Defendant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Defendant then filed a "Cover Sheet for Statement on appeal asking the statement be submitted *nunc pro tunc*." By Order dated October 11, 2018 and filed October 12, 2018, the

1

Court accepted Defendant's "Statements to the courts it may concern" as Defendant's Pa.R.A.P. 1925(b) statement.

## II. Applicable Authorities

Defendant was convicted at the Magisterial District Court level of a violation of 75 Pa.C.S. § 1501 which reads in relevant part:

Drivers required to be licensed.

> (a) General rule.--No person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter. As used in this subsection, the term "public property" includes, but is not limited to, driveways and parking lots owned or leased by the Commonwealth, a political subdivision or an agency or instrumentality of either.

Defendant subsequently filed an appeal for a trial *de novo* at the Court of Common Pleas level as provided for by:

> Pa.R.Crim.P. 462. Trial De Novo
>
> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.
>
> Pa.R.Crim.P. 462(D) further provides that: "(i)f the defendant fails to appear, the trial

judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority."

As discussed below, Defendant has raised issues which are typically associated with a motion to suppress evidence, specifically whether or not there was cause for a traffic stop. Pa.R.Crim.P. 581(E) provides that "(a) hearing (on a motion to suppress evidence) may be either

2

prior to or at trial, and shall afford the attorney for the Commonwealth a reasonable opportunity for investigation".

## III.    Analysis

The first substantive paragraph of Defendant's 1925(b) statement reads as follows:

> The issue of jurisdiction was raised. A want of jurisdiction began when no PA Vehicle code infraction had even occurred during the initial traffic stop concerning the defendant. The officer pulled the defendant over for a headlamp out in daylight hours. The headlights are exempt from the code requirement of lights during daylight hours. Therefore the defendant asked in a counter compliant (sic) jurisdiction be proved and stated. With no infraction violation emergency or any of the like occurring how can jurisdiction be gained or proved?

Defendant appears to be claiming that there was no cause for the traffic stop but this is not a jurisdictional issue. At paragraph 7 of Defendant's "Counterclaim Affidavit" filed July 31, 2018, Defendant stated that "(t)he plaintiff (meaning Defendant) did not even make an infraction of the vehicle code to justify being pulled over... (a)ny unlawful stop can and will be seen as a violation. The reason the defendant (meaning officer) claimed he had reason to search for my documents was a headlamp out during daylight hours." Counterclaims are not a cognizable part of summary appeal proceedings. Defendant would have had to make a timely motion to suppress to properly bring this issue before the Court for consideration, and even if he had it would not excuse his failure to appear at his Summary Appeal Hearing. In the case of criminal trials, the Court may hold a hearing concerning suppression of evidence either prior to or at trial as stated above. However, Defendant failed to appear for his Summary Appeal Hearing.

The second substantive paragraph of Defendant's 1925(b) statement complains that the information Defendant requested in his Countercomplaint was not provided. Among the items Defendant requested at the following paragraphs of his Countercomplaint were: (1)

3

documentation of each "defendant('s)" oath of office, (2) all information regarding any court bonds, law enforcement bonds or any other bonds associated with the "defendants", (8) the video recorded on the law enforcement agencies' vehicles that "confronted the plaintiff". The proper manner for Defendant to obtain these items was to make a request for discovery directed to the Commonwealth, and if the Commonwealth failed to provide the requested items then the Court would have entertained a motion to compel production of the requested items. The lack of discovery in this matter does not excuse Defendant's failure to appear at the Summary Appeal Hearing. Had Defendant appeared, the Court could have addressed his concerns.

Defendant claims that the Countercomplaint asked for a continuance to allow "for all rebuttals of affidavits the defendant served and information that was to be provided for the defendant." Defendant's letter to the Court filed of record on August 21, 2018 makes clear what language Defendant believes constitutes a request for a continuance. After the numbered paragraphs of Defendant's Countercomplaint, there is a paragraph which reads:

> In conclusion the Plaintiff asks that all rebuttals to this and other affidavits be submitted within thirty days to the plaintiff. As well provide the applicable bond information, oaths of office, and proof of jurisdiction before any other actions on the original claim can be taken.

It is the Court's opinion that this does not constitute a request for a continuance. Defendant presumed to stay the proceedings without Court intervention. Even had Defendant requested a continuance, the Court did not grant any such continuance and Defendant was not excused from appearing for his Summary Appeal Hearing.[1]

---

[1] Defendant filed a letter on June 14, 2018 stating that he had not received anything concerning his appeal and asking that the matter "be continued at a later date if the appeal ha(d) been granted". This letter was filed before

4

The remainder of Defendant's 1925(b) statement reads more like a brief than a concise statement of issues. Defendant asserts that he has rights under documents with varying degrees of legal authority if any, including the "Organic Laws of the United States of America", the book of Genesis, the 9th Amendment to the United States Constitution, and the Uniform Commercial Code. Defendant also relies on the use of fiat currency in coming to the conclusion that "the perpetual union of the United States of America has technically been supplanted with a different de facto government." Defendant claims that he can stand as a "foreign neutral" to any government but those of the "republic of the perpetual union of the United States of America, which the current governments most certainly are not!" Defendant does not explain how the rights he asserts give rise to an appealable issue in this case. He does not appear to challenge the fact that he was driving on a highway or public property of the Commonwealth at the relevant time(s). Had he appeared at his Summary Appeal Hearing, it would have been the Commonwealth's burden to prove this fact. Defendant appears to nonetheless challenge the Court's jurisdiction over him.

To the extent that Defendant complains about encroachments on his rights brought about by changes to the laws of this Commonwealth and the United States over time, his concerns are best directed towards the legislature and those bodies responsible for making laws, as opposed to this Court which is duty-bound to enforce the laws. The last paragraph of Defendant's 1925(b) statement is an appeal to religion. This Court is respectful of Defendant's

---

the Court's subsequent scheduling Order dated June 20, 2018 and filed June 21, 2018. The hearing was scheduled for August 3, 2018.

beliefs but cannot allow his invocation of religion to influence the Court so that he would be treated any differently than another individual who does not share his beliefs.

No further opinion shall issue.

BY THE COURT

Maureen A. Skerda, P.J.

FILED
2018 OCT 25 PM 12:03

6